Pearl O. MEADOWS, Plaintiff-Appellee,

v.

Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 26674.

Summary Calender.

United States Court of Appeals Fifth Circuit.

Feb. 4, 1969.

Rehearing Denied March 7, 1969.

Ernest Morgan, U. S. Atty., R. Caballero, Asst. U. S. Atty., El Paso, Tex., Robert E. Kopp, Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., for appellant.

Jack N. Ferguson, El Paso, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The Secretary appeals from the District Court's judgment awarding certain disability benefits to appellee Pearl Meadows. The facts are not disputed here, and the legal issues presented are relatively simple. The specific question is whether any basis exists for not restricting the retroactive benefits to one year prior to the application. Having carefully considered the briefs and record, we are convinced that the appeal from the District Court's decision is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and to notify the parties in writing.[1]

This action was brought by the claimant, Mrs. Pearl Meadows, pursuant to 42 U.S.C.A. § 405(g), to obtain judicial review of the Secretary's decision that her disability began December 1, 1965, rather than in June 1960 as she had contended. The District Court, reversing the Secretary's decision, held that her disability did begin in June 1960 and awarded benefits beginning from that date. In the present appeal the Secretary does not contest the finding on the initial date of disability.

The difficulty here is that Mrs. Meadows' claim for disability benefits was first filed with the Secretary on December 27, 1965. Under the Social Security Act, the retroactive award of benefits is limited to a period of twelve months prior to the date of the claimant's application.[2]

1. New Rules 17–20, adopted by the Fifth Circuit on December 6, 1968, are set out in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158 [January 2, 1969]. For other cases in which we have employed the summary procedures, see Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165 [1969]; United States v. One Olivetti Electric 10-Key Adding Machine, etc., 5 Cir., 1969, 406 F.2d 1167 [1969]; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, etc. and John J. King, 5 Cir., 1969, 406 F.2d 1170 [1969] and NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173 [1969]; Thompson v. White, 5 Cir., 1969, 406 F.2d 1176 [1969]; Diffenderfer v. Homer, 5 Cir., 1969, 408 F.2d 1344 [1969].

The First Circuit has likewise expressly upheld summary disposition without oral argument. Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516.

2. The statute provides:

Filing application

"(b) An application for disability insurance benefits filed before the first month in which. the applicant satisfies the requirements for such benefits * * * shall be deemed a valid application only if the applicant satisfies the requirements for such benefits before the Secretary makes a final decision on the application. If, upon final decision by the Secretary, or decision upon judicial review thereof, such applicant is found to satisfy such requirements, the application shall be deemed to have been filed in such first month. *An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if he files such application before the end of the 12th month immediately succeeding such month.*" (Emphasis added.)

Thus, regardless of the initial date of her disability, Mrs. Meadows could never be legally entitled to an award of benefits for any time prior to December 27, 1964 —the date marking the twelve-month limit on retroactivity in her case.

With a not uncommon degree of governmental alertness as papers presumably pass to and from Texas and Washington and in and through at least a couple Executive departments, the Secretary first brought the limiting provision to the attention of Mrs. Meadows *and* the District Court in a post-judgment motion, under F.R.Civ.P. 60(b),[3] seeking modification of the judgment to limit the award of benefits to the appropriate period under the statute. The District Court declined to modify its judgment. We reverse and modify.

The Government's position, simply stated, is that the retroactive effect of the disability award is limited by statute and that the District Court erred in failing to bring its judgment into conformity with the law.[4] Mrs. Meadows, on the other hand, makes essentially one argument in support of the District Court's decision, namely, that because the statutory provision limiting retroactivity was not raised at trial or within the 10 days permitted under F.R.Civ.P. 59(e), the Secretary was precluded from relying upon it.[5]

This Court, though sympathetic to the lament of the claimant who sees the sovereign getting breaks unobtainable by the citizen, cannot agree that the Secretary has "waived" reliance on the statute. Mrs. Meadows' primary claim before the agency was that her disability originated in 1960, and that benefits were therefore owed to her from that date. The Secretary took the position, and the Hearing Examiner found, that the disability did not arise until December 1965. At the agency level, then, the question of payment for any time prior to December 1965 was never directly presented, since it had been held that no disability existed before that date. Accordingly, with no question of retroactive payments having arisen, the agency cannot be too greatly faulted for

42 U.S.C.A. § 423(b). See also Ray v. Gardner, 4 Cir., 1967, 387 F.2d 162; Sangster v. Gardner, 6 Cir., 1967, 374 F.2d 498.

3. The Rule provides:
   "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * * or (6) any other reason justifying relief from the operation of the judgment."
   F.R.Civ.P. 60(b).

4. As this Court has stated before, "it should be kept in mind that Rule 60(b) is to be given liberal construction." In re Casco Chem. Co., 5 Cir., 1964, 335 F. 2d 645, 651 n. 18, and cases cited therein. A proceeding under the rule "calls for a delicate adjustment between the desirability of finality and the prevention of injustice." 335 F.2d at 651.
   It is the view of this Court that under the present rule, a court is authorized un-

der subsection (1) to correct a substantive "mistake" of its own, if motion is made within a reasonable time, which would clearly encompass a time not exceeding the time allowed for appeal. See McDowell v. Celebrezze, 5 Cir., 1962, 310 F.2d 43, citing 7 Moore, Federal Practice ¶60.22 [3] (2d ed. 1955). See also 3 Barron & Holtzoff, Federal Practice & Procedure § 1325 (Wright ed. 1958). Thus, under the circumstances in the instant case, the District Court was empowered to correct its erroneous judgment.

5. Appellee makes the incidental contention that this appeal is premature because the Secretary filed notice of appeal before the District Court had ruled on the 60(b) motion. This contention is without merit. Unlike a Rule 59 motion, a 60(b) motion does not toll the appeal time. Sutherland v. Fitzgerald, 10 Cir., 1961, 291 F. 2d 846, 847; Shay v. Agricultural Stabilization and Conservation State Committee, 9 Cir., 1962, 299 F.2d 516, 524; 3 Barron & Holtzoff, Federal Practice & Procedure § 1332 (Wright ed. 1958). Thus, to protect his right to appeal from the judgment, the Secretary was required to file notice when he did.

having failed to call the limiting provision to the trial court's attention. Likewise, in the litigation in the District Court, the focal issue was the originating date of the disability. Only after the Court had reversed the Secretary's decision on this point and awarded benefits from 1960 did the retroactivity issue come to the fore.

After entry of the judgment, which was clearly at variance with the plain wording of § 423(b), the Secretary sought modification. While this motion was not filed as promptly as it might have been, the error was brought to the Court's attention before any party had detrimentally relied on the judgment or sustained any loss by reason of it or through the intervention of third parties. Under these circumstances and the compelling policies of basic fairness and equity reflected by 60(b), the Court had a duty to conform its judgment to the law as enacted by Congress.

■ Thus we cannot agree with the rather technical contention that the statutory limitation on retroactivity constituted an affirmative defense that was waived by failure to plead and prove it at trial. It is as much a part of the grant of legislative benefits as are the schedules of benefits payable.

This case illustrates once again the dependence of the judiciary on an alert and responsible bar. The Judge "knows" the law by virtue of his commission. In point of fact he generally knows it only from experience in prior similar cases, or more likely, from the arguments of competing advocates. Many hours might have been saved—both judge-time and lawyer-time—had the Judge been competently informed. For there is no doubt that had the applicable statutory provision been called to this conscientious and careful Judge's attention at an earlier time, the Judge would have implemented the clear legislative command in his decision and would thereby have obviated the need for this appeal, shortened and simplified as it is.

For the foregoing reasons the judgment of the District Court is reversed and modified to award benefits beginning December 27, 1964.

Reversed and modified.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a mo-

tion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20

### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.