**Dorothy STEINHOFF, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 77-71668.**

United States District Court, E. D. Michigan, S. D.

Dec. 11, 1980.

---

Bruce Jerris, Levine & Benjamin, Detroit, Mich., for plaintiff.

James K. Robinson, U. S. Atty., for Eastern Dist. Mich., Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

COHN, District Judge.

Before the Court is defendant's motion, filed August 4, 1980, under Fed.R.Civ.P. 60(b) for relief from a summary judgment for plaintiff entered on May 19, 1980. The judgment was based upon a Magistrate's Report and Recommendation to which no objections were filed. Defendant now argues that the judgment is legally erroneous since there was a failure to properly apply the medical-vocational guidelines for determining disability contained at 20 C.F.R., Subpart P, App. 2 (1979). She asserts a proper application of the guidelines directs a finding that plaintiff is not disabled with-

in the meaning of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and that justice demands this Court modify the judgment. Defendant's motion is well taken.

### I.

### A.

Plaintiff made application for Disability Insurance Benefits and Supplemental Security Income on August 19, 1975, alleging she had become unable to work in February 1973. Her applications were denied initially and on reconsideration by the Social Security Administration after the Michigan State Agency found plaintiff not under a disability. A similar conclusion was reached after a *de novo* hearing before an Administrative Law Judge, remand by the Appeals Council and a supplemental hearing. Pursuant to a court ordered remand a third hearing was conducted, after which the Administrative Law Judge again found plaintiff was not under a disability. That determination became the final decision of the Secretary on July 16, 1979.

Plaintiff filed this action for review of that decision pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate, who concluded there was not substantial evidence supporting the conclusions of the Administrative Law Judge. The magistrate recommended, in a report filed May 5, 1980, that summary judgment be granted for plaintiff. No objections were filed by either party and this Court accepted the report and entered judgment accordingly on May 19, 1980.

### B.

The underlying substantive issue concerns what age is to be used for plaintiff in determining whether she is disabled under the medical-vocational guidelines contained at 20 C.F.R., Subpart P, App. 2 (1979). The guidelines "direct" a finding of "disabled" or "not disabled" whenever the claimant's age, education, previous work experience and residual functional capacity coincide with the criteria of a rule contained therein. 20 C.F.R. § 404.1513 (1979). It is undisput-

ed that plaintiff has a "limited" education and the residual functional capacity for "light" work. While the Administrative Law Judge found plaintiff possessed "transferable skills", the magistrate's conclusion that she was "unskilled" was not objected to by defendant and will be accepted for purposes of this motion.

Plaintiff was born on August 25, 1928. In applying the medical-vocational guidelines, both the Administrative Law Judge and the magistrate used plaintiff's age at the time of the hearing in 1979, classifying her as "closely approaching advanced age" (50–54). 20 C.F.R. § 404.1506(c) (1979). It is undisputed, however, that plaintiff last met the special earnings requirement for benefit eligibility on September 30, 1976. At that time plaintiff was 48 years old and was to be classified as a "younger individual age 45–49". 20 C.F.R. § 404.1506(b) (1979). The age difference is crucial for if plaintiff is classified as "closely approaching advanced age", Rule 201.09 directs a finding of disability. If plaintiff is classified as a "younger individual age 45–49", Rule 201.18 directs a finding of not disabled.

Defendant accurately notes that to be eligible for disability insurance benefits, plaintiff must demonstrate that her disability existed for a continuous twelve-month period prior to the termination of her insured status. *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir. 1976). Accord-

ingly, plaintiff's age on September 30, 1976 is controlling for purposes of applying the medical-vocational guidelines. *Daggett v. Harris*, Civil No. 78–72546 (E.D.Mich. March 14, 1980); *Robinson v. Secretary of Health, Education and Welfare*, Civil No. 78–71121 (E.D.Mich. January 16, 1980). If plaintiff's proper age had been used in the determination of disability, the Court concludes a finding of non-disability was directed by Rule 201.18.[1] Plaintiff would thus be ineligible for disability insurance benefits.[2]

## II.

### A.

The fact that defendant would have been entitled to judgment had plaintiff's proper age been used throughout the various hearings in this case, however, is not dispositive of the instant motion. The error was not brought to this Court's attention before entry of judgment. Defendant did not file a motion to amend or modify the judgment under Fed.R.Civ.P. 59(e) within its ten-day limitation period. Nor did defendant file a timely notice of appeal under Fed.R.App.P. 4(a) within its sixty-day limitation period. Rather, defendant brought a motion under Fed.R.Civ.P. 60(b) for relief from judgment three weeks after the appeal time had run.

In order to grant relief from a judgment under Fed.R.Civ.P. 60(b)[3], this Court

1. Plaintiff argues that even conceding her age on September 30, 1976 is to be used in the disability determination, the medical-vocational guidelines should not be rigidly applied to foreclose a finding of disability. As discussed below, the argument is not convincing. 20 C.F.R. § 404.1513 specifically provides that when the findings of fact coincide with the criteria of a rule, a factual conclusion of disabled or not disabled *is directed*. The record indicates the spirit of that regulation has been followed throughout this case.

2. Plaintiff's entitlement to Supplemental Security Income payments requires a similar analysis. Although questions of insured status do not arise under that program, the application for benefits is retroactive only to the first day of the month in which it is filed. 20 C.F.R. § 416.325(b) (1979). Accordingly, plaintiff's proper age for disability determination under

Supplemental Security Income is her age in August 1975. Since she was then 47 years old, Rule 201.18 applies to deny benefits. Plaintiff became eligible for Supplemental Security Income benefits at age 50, on August 25, 1978. Rule 201.09. Defendant asks this Court to modify its judgment to so provide.

3. Fed.R.Civ.P. 60 provides in part:

    .      .      .      .      .

    "(b) On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the

must do more than find an error of law. The general purpose of the rule is to strike a proper balance between the conflicting principles which require that justice be done and that litigation come to an end. *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976, 977 (3rd Cir. 1978). Specifically, this Court must find that justice requires relief from the finality of a judgment entered two and one-half months after entry.

#### B.

■ Defendant does not specify whether her motion is brought under clause (b)(1) Fed.R.Civ.P. 60(b)(1) for relief due to mistake, inadvertence, surprise or excusable neglect or under the "catch-all" provision of clause (b)(1). Under either provision, however, the motion is timely brought.

■ Fed.R.Civ.P. 60(b) generally requires that a motion be brought "within a reasonable time." Clauses (b)(1)–(3) face an additional limitation period of one year after the entry of judgment. Where a motion under Fed.R.Civ.P. 60(b) is brought within one year of the entry of judgment, it is not necessary to strictly categorize the claim under a particular subdivision of the Rule. 11 Wright & Miller, *Federal Practice and Procedure* § 2864 at 212. Nor is the policy underlying cases holding that clauses (b)(1)–(5) and clause (b)(6) mutually exclusive applicable. Those cases seek to avoid frustration of the one-year limitation applicable to clauses (b)(1)–(3) by a clause (b)(6) motion asserting similar grounds. *See Klapprott v. U. S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). Where, as in the case at bar, the motion is timely filed under any of the clauses, that policy is not controlling. *In re Four Seasons Securities Laws Litigation*, 502 F.2d 834, 841 (10th Cir. 1974).

What constitutes a reasonable time under Fed.R.Civ.P. 60(b) must of necessity depend upon the facts in each individual case. 11 Wright & Miller, *Federal Practice and Procedure* § 2866 at 228. Defendant argues that her motion, although filed three weeks after the time for appeal had expired, was presented immediately after the agency recognized the error in utilizing plaintiff's incorrect age. She points to the affidavit of an agency attorney which describes the process by which the department files objections to magistrate reports, motions under Fed.R.Civ.P. 59(e) and appeals. The error is this case was not recognized until the agency, after receipt of the judgment and order of remand, attempted to calculate plaintiff's benefits. Due to the complex procedures involved in that determination, the time for filing either a motion to amend or modify the judgment under Fed.R.Civ.P. 59(e) or an appeal under Fed.R.App.P. 4(a) had expired.

Defendant correctly notes that plaintiff's age did not become an issue until the magistrate's report was filed on May 5, 1980. Under the factual conclusions of the Administrative Law Judge, the medical-vocational guidelines directed a finding of non-disability whether plaintiff was classified as "closely approaching advanced age" or as a "younger individual age 45–49." 20 C.F.R., Subpart P, App. 2, Rules 201.11, 201.20 (1979). Only when the magistrate concluded plaintiff was "unskilled" did age become the determining factor under the regulations. *Compare* 20 C.F.R., Subpart P, App. 2, Rule 201.09 with 20 C.F.R., Subpart P, App. 2, Rule 201.18.

Defendant's failure to file objections to the magistrate's report after May 5, 1980 and before May 19, 1980, or a motion under Rule 59(e), while not salutory, is at least understandable. The Court is also constrained to find that the failure to discover the error in time to file an appeal is also reasonable.[4] Accordingly, the Court finds that the motion was brought within a reasonable time.

---

judgment, order, or proceeding was entered or taken...."

**4.** This case does not present the sort of inordinate and repeated delays noted by some courts in Social Security disability cases. *See Alame-* *da v. Secretary of HEW*, 622 F.2d 1044, 1046 (1st Cir. 1980); *Poe v. Matthews*, 572 F.2d 137, 137–38 (6th Cir. 1978); *Bostic v. Harris*, 484 F.Supp. 686, 687–89 (S.D.W.Va.1979).

**1318**

### III.

#### A.

■ Defendant's motion in effect asks this Court to amend its judgment to conform to existing law; in short, to correct a legal error. Since that is a function normally handled by appeal, there is some authority that such a motion under Fed.R. Civ.P. 60(b)(1) must be filed before the time for appeal has expired. See 7 Moore, *Federal Practice* ¶ 60.27[2] at 358. While the Court of Appeals for the Sixth Circuit has not yet considered the question, the Court of Appeals for the Fifth Circuit has held that no such rigid limitation is to be found or implied in Fed.R.Civ.P. 60(b). *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976). So long as the Fed.R.Civ.P. 60(b) motion is not being used to "end run" the appeal process, a clause (b)(1) motion to correct legal error may be considered even though the appeal time has expired. As indicated above, this Court is satisfied defendant's delay was inadvertent. Although defendant decided not to appeal, that determination was made before the error concerning plaintiff's age was apparent.[5] The instant motion cannot fairly be seen as a "substitute for appeal." 11 Wright & Miller, *Federal Practice and Procedure* § 2864.

#### B.

■ Although it is "not altogether clear" under what circumstances clause (b)(1) relief is available to correct a legal error of the court, *Schildhaus v. Moe*, 335 F.2d 529, 531 (2nd Cir. 1964), the power to correct legal error under clause (b)(1) clearly exists. 11 Wright & Miller, *Federal Practice and Procedure* § 2858 at 176.

In *Meadows v. Cohen*, 409 F.2d 750 (5th Cir. 1969), the Court of Appeals for the Fifth Circuit reversed the denial of a clause (b)(1) motion in circumstances substantially similar to those at bar. There the District Court judgment reversing a denial of disability benefits by the Secretary ordered benefits retroactive to the onset of plaintiff's disability, although that date was five years before plaintiff filed an application for benefits. It was subsequently discovered that the judgment conflicted with 42 U.S.C. § 423(b), which limits retroactive payments to a period of twelve months prior to the filing of the application. The Fifth Circuit held that since the error was discovered before any party detrimentally relied on the judgment, the policy of fairness inherent in Fed.R.Civ.P. 60(b) required the court to conform its judgment to the law. *Meadows v. Cohen*, 409 F.2d at 753.

The Court does not find plaintiff's attempt to distinguish *Meadows* from this case persuasive. Plaintiff argues that the Secretary had a longer period in which to discover the error here than in *Meadows*. As noted above, however, the issue of plaintiff's age did not surface until the magistrate's report was filed two weeks before the entry of judgment. While the retroactivity issue in *Meadows* arose only when the court entered judgment, 409 F.2d at 752, the additional two week period present here is not significant in light of the inherent delay in agency procedures shown on the record. Plaintiff also asserts that the district court judgment in *Meadows* was clearly wrong under the law, while the instant case presented a substantive legal issue remediable only by appeal. The argument incorrectly reads the magistrate's report, as discussed *supra*.[6] Also noteworthy is the fact that plaintiff has not demonstrated she detrimentally relied on the judgment of May 19, 1980.

#### C.

■ Considerations of fairness and equity must underlie all determinations un-

---

**5.** Plaintiff argues defendant's decision not to appeal is fatal to the instant motion. She asserts that the magistrate's report brought the issue of mechanical versus flexible application of the medical-vocational guidelines into focus, and that having lost and decided not to appeal, defendant is bound by that decision. Not only is it apparent the issue of the manner of guide-

line application was not presented to the magistrate or to this Court, the defendant's decision was made before she discovered the error in plaintiff's age. Accordingly, the argument must be rejected.

**6.** *See* notes 1 and 5, *supra*.

der Fed.R.Civ.P. 60(b)(1). *Meadows v. Cohen,* 409 F.2d at 753. While the Court is sympathetic to plaintiff's long and tortuous struggle for benefits, it is also obligated to apply the law.[7] When plaintiff's proper age is used in the medical-vocational guidelines to determine whether or not she is disabled, a finding on non-disability is directed.[8] 20 C.F.R. 404.1513 (1979); 20 C.F.R., Subpart P, App. 2, Rule 201.18 (1979). The policies underlying Fed.R.Civ.P. 60(b) require that the judgment be modified.

Accordingly, defendant's motion for relief from judgment under Fed.R.Civ.P. 60(b) is granted. The amended judgment shall reflect plaintiff's ineligibility for disability insurance benefits, since she became disabled on August 25, 1978, her fiftieth birthday, and did not have insured status on that date. Moreover, the judgment shall reflect plaintiff's entitlement to Supplemental Security Income benefits only as of August 25, 1978.

---

7. "While one may not always like the sound of the phrase, it is a truism that 'the government is not just another party litigant.'" *Hoffman v. Celebrezze,* 405 F.2d 833, 838 (8th Cir. 1969) (Blackmun, J., dissenting). *See* note 4 and accompanying text, *supra.*

8. See note 1 and accompanying text; *supra.*