Mrs. Aage Lasse ALVESTAD, Individually and As Representative of the Estate of Aage Lasse Alvestad and Their Minor Daughter, Plaintiff-Appellant,

v.

MONSANTO COMPANY, et al.,
Defendants-Appellees.

Nos. 80–2157, 81–2015.

United States Court of Appeals,
Fifth Circuit.

April 1, 1982.
Rehearing and Rehearing En Banc
Denied May 17, 1982.

Law Offices of Benton Musslewhite, Inc., Benton Musslewhite, Houston, Tex., Louis R. Koerner, Jr., New Orleans, La., for plaintiff-appellant.

Vinson & Elkins, Steven K. DeWolf, Houston, Tex., for Monsanto Co.

Baker & Botts, Randy J. McClanahan, Houston, Tex., for Monsanto Oil, Dolphin Inter., Inc., S. A.

Before THORNBERRY, TATE and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Aage Lasse Alvestad, a citizen of Norway, was killed on March 22, 1975, while working as a diver off the semisubmersible oil rig *Borgney Dolphin* in the North Sea. The *Borgney Dolphin* was a Norwegian vessel operating under a contract with Monsanto Oil Company of the United Kingdom, Inc. (Monsanto UK), a wholly-owned subsidiary of the United States-based Monsanto Company. The 3X Diving Company, Alvestad's immediate employer, had contracted with Monsanto UK to provide diving services for the drilling operation.

Alvestad's widow filed suit against Monsanto and Monsanto UK in 1978, stating causes of action under the Jones Act, 46 U.S.C. § 688, the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761–767, general maritime law, and the Texas Wrongful Death and Survival statutes, Tex.Rev.Civ. Stat.Ann. arts. 4671–4678, 5525 (Vernon 1940 & Supp. 1980–1981). On August 20, 1980, the district court granted Monsanto's motion to dismiss the action and entered a final judgment to that effect. In a Memorandum and Order filed with the judgment, the court explained that DOHSA's two-year statute of limitations had expired prior to institution of the suit, thereby barring any recovery under that statute. It further found any action pursuant to general maritime law foreclosed because DOHSA is the exclusive remedy for death on the high seas (citing *Hlodan v. Ohio Barge Line, Inc.*, 611 F.2d 71, 75 (5th Cir. 1980)). The court also found it necessary to decline jurisdiction regardless of the limitations problem because the lack of sufficient contacts between the action and this country indicated that foreign rather than American law should apply and that a federal district court would be a *forum non conveniens.*

It is only with the entry of final judgment against Mrs. Alvestad on August 20, however, that the critical period of this procedural history begins. On September 10, 1980, Mrs. Alvestad filed a "Motion to Reconsider Order Dismissing Cause of Action and Motion to Reinstate and Motion to Grant a New Trial Pursuant to Rules 59 and 60 of [Federal Rules of Civil Procedure]." The court held a hearing on this motion on September 18, at which plaintiff argued that dismissal of the action was premature because she had not yet completed her discovery. Apparently hoping for a quick and favorable response to her motion, plaintiff filed no notice of appeal from the final judgment prior to September 19, when the thirty-day deadline prescribed by Fed.R. App.P. 4(a)(1) elapsed. On September 22, the district court denied the Motion to Reconsider, pointing out that the reason for its original dismissal of plaintiff's claims was legal, not factual, and that further discovery could avail plaintiff nothing. Not until October 20 did plaintiff file a notice of appeal.

Mrs. Alvestad now appeals both from the final judgment dismissing her claims and from the subsequent denial of her motion to reconsider. As explained below, we conclude that we may not consider her appeal from the judgment because her notice of appeal was not timely filed. We further find that the district court did not abuse its discretion in denying the posttrial motion to reconsider. Accordingly, we affirm the judgment entered below.

### The Appeal from Final Judgment

Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment or order appealed from." The district court entered its judgment dismissing Mrs. Alvestad's suit on August 20. She filed her notice of appeal on October 20, sixty-one days later and thirty-one days late. Consequently, her appeal must fail unless she falls within some exception to the rule.

Rule 4(a)(4) provides that the filing of a *timely* motion for a new trial under Fed.R.

Civ.P. 59 will toll the running of the period for filing an appeal until the entry of an order denying the Rule 59 motion. Mrs. Alvestad filed her motions pursuant to Rules 59 and 60(b) on September 10. This was eleven days after the ten-day limit prescribed by Rule 59(b). Clearly the motion for a new trial was not timely.

While conceding the tardiness of her motion, Mrs. Alvestad presses upon us the applicability of a judicially created exception to the timeliness requirements of Rule 4. In *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) and *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), the Supreme Court excused a party's failure to file a timely notice of appeal because of the "unique circumstances" in which the party had relied on a district court's erroneous, but nonetheless explicit, grant of an extension of the time for filing an appeal. Instead of recounting in full the significant facts of those decisions, we may resort to a previous condensation of the "unique circumstances" that were present in both:

> In each case, counsel for the appellant was lulled into the false sense of security that he could delay filing the notice of appeal until after the time prescribed by the applicable rules *because of the extension of time granted by the court.* In each case, the appellant was misled by the words or conduct of the trial court *into believing that the time for appeal was extended* beyond that prescribed by the applicable rules.

*Hernandez-Rivera v. Immigration & Naturalization Service*, 630 F.2d 1352, 1355 (9th Cir. 1980) (emphasis supplied).

Mrs. Alvestad argues that the "unique circumstances" of her predicament warrant our extension of the *Harris-Thompson* exception to salvage her appeal. The district court heard argument on her motion on September 18, one day before expiration of the regular thirty-day limit for filing an appeal. According to Mrs. Alvestad, the court indicated its awareness that the deadline for appeal was imminent. Moreover,

she claims, the court "proceeded to make comments which were properly and reasonably construed by the Plaintiffs as indicating that the Court would either rule favorably or would rule by the next day so that Plaintiffs could file their notice of appeal." Allegedly fearful that the filing of a notice of appeal would force the court to relinquish jurisdiction before it could grant her motions, Mrs. Alvestad allowed the thirty-day deadline to elapse without acting on the mandatory notice.

Even accepting this version of the hearing (apparently no transcript exists), we are not persuaded that it presents "unique circumstances" sufficient to excuse the failure to file a timely appeal. While we willingly have administered the Supreme Court's equitable exception to avoid dismissal of an otherwise tardy appeal, we have done so only when the words or actions of the district court clearly misled the aggrieved party into believing that the filing of an appeal within the thirty-day deadline was unnecessary. In *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979), for example, we excused a plaintiff's good faith reliance on a district judge's statement "which implied that a new trial had been granted without qualification." As in *Harris* and *Thompson*, the trial judge's statements gave plaintiff every reason to believe that the court effectively had extended the deadline for appeal.

■ In this case, however, the district court's comments—whatever they may have been—clearly stopped short of assuring Mrs. Alvestad that her motion for a new trial was timely or that the court was extending the time for filing of a notice of appeal.[1] At most, the court acknowledged the approaching deadline (which, in itself, should have put appellant on notice that the deadline had not been extended) and indicated that it would try to accommodate the plaintiff with a speedy disposition of her motion. The court's action is, if anything, subject to construction as an invitation for Mrs. Alvestad to request an extension of the time for filing notice, as permitted by Fed.R.App.P. 4(a)(5).

If on September 18, one day before the running of her time for appeal, Mrs. Alvestad truly believed the district court to be favorably inclined toward her motions and close to an immediate ruling, she could have asked the court for an extension pursuant to Rule 4(a)(5). Even when the ruling did not issue until September 22, three days after her deadline was passed, she still had twenty-seven days under Rule 4(a)(5) in which to ask for such an extension.[2] Instead, having allowed the deadline for appeal to pass without requesting any relief from it, she waited nearly another month before filing the notice of appeal on October 20. Given this neglect of opportunities to obtain the desired ruling on her motions without abandoning the appeal, we cannot conclude that Mrs. Alvestad has proven herself the victim of unique circumstances justifying relief from the timeliness requirement of Rule 4(a)(1). Consequently, we do not consider the appeal from the district court's judgment.

*The Rule 60(b) Motion*

■ The district court denied Mrs. Alvestad's Rule 60(b) Motion to Reconsider on September 22, and the notice of appeal filed October 20 is timely with respect to this

1. Certainly the district court's mere willingness to entertain a tardy motion for a new trial does not relieve the prospective appellant from responsibility for filing a timely notice. *See, e.g., Gribble v. Harris*, 625 F.2d 1173, 1174–75 (5th Cir. 1980).

2. Alternatively, appellant could have filed the notice of appeal. Although the filing of a notice of appeal divests the trial court of jurisdiction, *see United States v. Dunbar*, 611 F.2d 985,

987 (5th Cir. 1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980), Mrs. Alvestad would have been able to seek a remand to the district court when and if it agreed that a new trial or some alteration in its judgment was appropriate. *See* 7 J. Moore, Federal Practice ¶ 60.30[2] at 419–24 (1970). If this court had declined to take such a course, appellant still would have been in a position to secure any merited relief through our review of the district court's actions.

order.[3] Our review of the district court's action is confined to whether denial of the motion constituted an abuse of discretion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Appellant relies upon three of the six reasons for which a district court may relieve a party from judgment under Rule 60(b): "(1) mistake, inadvertence, surprise or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment." She then cites *Compton v. Alton Steamship Company*, 608 F.2d 96 (4th Cir. 1979), for the proposition that these three grounds for relief collectively encompass a trial court's mistakes of law. Mrs. Alvestad's complaint about the judgment, simply stated, is that the court below prematurely shut off her discovery and erroneously applied the Jones Act's definition of "employer," the law of conflicts, and the doctrine of *forum non conveniens* to the facts of this dispute.

■ Without reaching the merits of these contentions, we do not regard Rule 60(b) as an appropriate avenue for relief from judicial mistakes of this kind. The Fourth Circuit in *Compton* undeniably construed Rule 60(b) as providing for relief from legal errors committed by a trial court. However, it referred only to situations in which "the mistake was clear on the record, and involved a plain misconstruction of the statute on which the action was grounded...." 608 F.2d at 104. Our own decision in *Meadows v. Cohen*, 409 F.2d 750 (5th Cir. 1969), quoted extensively in *Compton*, held a district court to have abused its discretion in

not granting a Rule 60(b) motion for relief from a judgment "which was clearly at variance with the plain wording" of a federal statute. *Id.* at 753.

While we thus have admonished district courts that they should honor requests to reform a judgment in obvious conflict with a clear statutory mandate, we have been equally insistent that Rule 60(b) is not a substitute for the ordinary method of redressing judicial error—appeal. In its origins, Rule 60(b) "represents an effort to codify the equitable practice with respect to the correction of judgments after the time for appeal has expired." *Lafferty v. District of Columbia*, 277 F.2d 348, 351 n.6 (D.C.Cir.1960). It is not a means for postponing or escaping that expiration.

In *Gary W. v. Louisiana*, 622 F.2d 804 (5th Cir. 1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981), appellants who had neglected to appeal an award of attorneys' fees against them sought relief from the judgment through a Rule 60(b) motion. On appeal from the district court's denial of their motion, appellants maintained that this denial was an abuse of discretion because the court had committed the "mistake" of applying the wrong legal standard. "[E]ven if the trial court had misapplied an incorrect legal standard when assessing legal fees," we observed in affirming the denial, "the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion." 622 F.2d at 805 (footnote omitted).[4]

---

**3.** Appellant filed a second Rule 60(b) motion on October 16. The district court subsequently declined to consider this motion when the October 20 notice of appeal removed jurisdiction to this court. The district court already had denied the first Rule 60(b) motion (on September 22) when appellant filed her notice of appeal on October 20, however, so the timely notice is sufficient to support an appeal from that order.

**4.** Moreover, this court long ago listed eight factors as stated by Prof. Moore in his treatise, that guide a district court's consideration of a Rule 60(b) motion. *See United States v. Gould,*

301 F.2d 353, 355–56 (5th Cir. 1962). One of the foremost is "that the Rule 60(b) motion is not to be used as a substitute for appeal." *See also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Even Professor Moore, to whom we may trace the controversial idea that "mistake" under Rule 60(b) includes "mistakes of law," *see Silk v. Sandoval*, 435 F.2d 1266, 1267 (1st Cir. 1971), *cert. denied*, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971) (citing with disapproval 7 J. Moore, Federal Practice ¶ 60.22[3] (1970)), agrees that Rule 60(b) is no alternative to an appeal. *See Moore, supra*, ¶ 60.27[2] at 353.

Similarly, in *Fackelman v. Bell*, 564 F.2d 734 (5th Cir. 1977), this court rebuffed an appellant's effort, to use Rule 60(b) to reopen an adverse judgment on the ground that the district court had erroneously interpreted the Freedom of Information Act:

> All of these mistakes, if mistakes they be, are mistakes of law and could have been raised on appeal. The law of this Circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law.... But such reopenings are certainly not mandatory. The orderly process of appeal usually is far more appropriate to deal with such errors.

564 F.2d at 736.

■ As *Fackelman* went on to explain, we have attempted in our prior decisions on Rule 60(b), including *Meadows*, merely to avoid wasting appellate resources on the perfunctory correction of "obvious errors of law." *Id.* This case contains no such facially obvious error. Although appellant employs the customary rhetorical device of depicting each alleged error as clear and beyond question, the only thing made clear by the numerous briefs submitted by all parties to this dispute is that the legal questions presented are at least arguable. Without intimating any view of the merits, we are certain that an inquiry into whether the court below properly applied the seven-part choice-of-law test announced in *Lauritzen v. Larsen*, 345 U.S. 571, 583–91, 73 S.Ct. 921, 928–32, 97 L.Ed. 1254 (1953) or the similarly multi-faceted *forum non conveniens* analysis required by *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) is one which could have and more suitably which should have been undertaken on appeal rather than as a mere prelude to an attempt to show discretionary abuse under Rule 60(b).

In sum, therefore, we cannot say that the district court abused its discretion in denying a Rule 60(b) motion alleging only that the court had mistakenly interpreted the law. The judgment below is

AFFIRMED.