Billy C. GODWIN and Callie Godwin, Individually and as joint trustees for Kim Bevers, Connie Lambrecht and Karen Bevers, and Judy I. Godwin, individually and as trustee for Billy C. Godwin and Lita M. Balestra, Plaintiffs-Appellants,

v.

The FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, etc., et al., Defendants-Appellees.

No. 86–1218

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1987.

Dan E. Martens, Bruce A. Campbell, Miller, Hiersche, Martens & Hayward, Dallas, Tex., for plaintiffs-appellants.

Marvin Collins, U.S. Atty., Mary Ann Moore, Asst. U.S. Atty., Dallas, Tex., Charlotte A. Reid, Federal Home Loan Bank Bd., Office of Gen. Counsel, Washington, D.C., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Billy, Callie, and Judy Godwin (the Godwins), individually and as trustees of a testamentary trust for five minors, appeal from the dismissal of their claim that the account they owned in an insolvent savings and loan association was fully insured. For the reasons stated below, we affirm the judgment of the district court without reaching the merits of the case.

## I.

Empire Savings and Loan Association (Empire) of Mesquite, Texas, was chartered under the laws of the state of Texas. Empire's eligible deposits were insured by the Federal Savings and Loan Insurance Corporation (FSLIC). On January 9, 1984, Empire, by order of the Texas Savings and Loan Commissioner and by consent resolution of its Board of Directors, was placed into a state of voluntary supervision under the Texas Savings and Loan Department. On March 14, 1984, pursuant to federal law, the Federal Home Loan Bank Board (Bank Board) determined that Empire was insolvent, that it had incurred substantial dissipation of assets due to violations of law, rules and regulations, and was in an unsafe or unsound condition to transact business. The Bank Board appointed the FSLIC as sole receiver of Empire (Receiver) for the purpose of its orderly liquidation pursuant to 12 U.S.C. § 1729(c)(1)(B), and the Bank Board further directed the FSLIC to make payment on each insured account at Empire pursuant to 12 U.S.C. § 1728(b).[1]

On March 14, 1984, upon taking possession of Empire, the Receiver began to marshall the assets of the receivership for distribution to creditors on a pro-rata basis. Simultaneously, the FSLIC began notifying Empire's accountholders of their rights concerning payment of insurance on their accounts, and making determinations on insurance coverage pursuant to the regulations governing the insurance of accounts that are set out at 12 C.F.R. §§ 564 *et seq.* (Insurance Regulations).[2]

The account at issue in this case was a certificate of deposit issued on October 4, 1983, in the amount of $341,500 with a stated annual interest rate of 11.5% and a maturity date of October 4, 1984 (the Certificate). The accountholder was designat-

1. The Receiver and the FSLIC are distinct governmental corporate entities, each with its own separate functions. The functions of the Receiver relating to the orderly liquidation of the association are set out at 12 U.S.C. §§ 1729(b), (c), 1464(d) and 12 C.F.R. §§ 549a *et seq.* (1986); the functions of the FSLIC relating to the payment on accounts are set out at 12 U.S.C. § 1728 and 12 C.F.R. §§ 564 *et seq.* (1986).

2. Pursuant to the Insurance Regulations, if a portion of an account is deemed to be uninsured, the accountholder is given a Certificate of Claim in Liquidation (CCIL) that evidences the accountholder's claim as an unsecured creditor against the receivership estate in the amount of the uninsured balance of the account. The accountholder automatically will receive a pro-rata share of any assets of the receivership upon distribution. 12 C.F.R. §§ 549.5, 564.1(b). An accountholder may have a separate claim to assert against the receivership that may be related to or unrelated to an uninsured balance. In order to assert such a claim against the Receiver, the claimant must follow the Receiver's administrative procedure and submit to the Receiver a Proof of Claim form explaining the claim and the relief sought. 12 C.F.R. § 549.4(b).

ed on the Certificate and the signature card as "Callie M. Godwin or B.C. Godwin trustee for Kim Bevers, Connie Lambrecht, Karen Bevers." By letter dated June 27, 1984, a representative of the FSLIC advised counsel for the Godwins of its determination that the account, a valid testamentary account with three proper beneficiaries, was insured up to $100,000 for each of the three beneficiaries for a total of $300,000. This left an uninsured balance of $42,-914.30.[3]

The Godwins filed suit in Texas state court seeking to recover the uninsured balance of the account held by the Godwins at Empire from the FSLIC in its corporate capacity and in its capacity as receiver for Empire and from two federal employees. The Godwins' petition alleged unfair and deceptive trade practices as well as misrepresentation. The FSLIC removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, 1446.

On January 30, 1986, the district court granted the defendants' motion to dismiss. In doing so the court stated that the FSLIC's determination on insurance must be challenged by seeking review pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.*, 701 *et seq.* The district court also held that a de novo review of the FSLIC's determination was foreclosed by our decision in *North Mississippi Savings and Loan Association v.*

*Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).[4] Consequently, the court dismissed the action for lack of subject matter jurisdiction. On March 3 the Godwins made a "motion for reconsideration," which the district court denied on March 5. On April 4 the Godwins filed a notice of appeal from the district court's denial of its motion to reconsider.

## II.

A notice of appeal from a trial judgment must be filed within the time limitations of Fed.R.App.P. 4(a). In this case, because the government was a party, the appropriate appeals period was 60 days.[5] The time limitation imposed by rule 4(a) is "mandatory and jurisdictional." *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).

■ Initially, it must be noted that the Godwins' March 3 motion is labeled a "Motion for Reconsideration" and it is not specifically based on any particular rule of civil procedure. Thus, the nature of the motion is unclear; it could potentially be classified as a motion under either Fed.R. Civ.P. 59(e) or 60(b). Rule 59(e) authorizes motions to alter or amend a judgment or an order; rule 60(b) authorizes motions which alleviate the effects of a judgment or an order on the basis of equitable interests.[6] Our recent *en banc* opinion in *Harcon*

---

3. The Godwins were provided with checks for the insurance and with a CCIL in the amount of the uninsured balance evidencing their claim against the receivership. The Godwins, pursuant to the FSLIC's administrative procedures set out in the Insurance Regulations, requested reconsideration of the insurance determination. The determination was upheld by the Deputy Director of the FSLIC and the Godwins' counsel was advised of this by a letter dated May 3, 1985.

4. In *Hudspeth* we held that a de novo examination of the FSLIC's insurance determination is foreclosed by the existence of administrative procedures that must be exhausted. 756 F.2d at 1103.

5. The FSLIC has been found to be an agency of the United States. *Acron Investments, Inc. v. Federal Savings and Loan Insurance Corporation,* 363 F.2d 236, 239 (9th Cir.), *cert. denied,*

385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). We have relied upon the holding in *Acron Investments* in determining whether organizations similar to the FSLIC were an agency of the United States. *See Government National Mortgage Corporation v. Terry,* 608 F.2d 614 (5th Cir.1979); *Rauscher Pierce Refsnes, Inc. v. Federal Deposit Insurance Corporation,* 789 F.2d 313 (5th Cir.1986).

6. Rule 60(b) provides in part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation,

*Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986), sets out a standard to determine how a post-judgment motion should be classified. *Harcon Barge* states that:

[a]ny post-judgment motion to alter or amend the judgment served within ten days after the entry of judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4). If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect.

784 F.2d at 667. We recently stated that this "bright line" rule is applicable to any interplay between rules 59(e) and 60(b) and appellate rule 4(a). *Huff v. International Longshoremen's Association, Local No. 24,* 799 F.2d 1087, 1090 n. 5 (5th Cir.1986). Under *Harcon Barge* the Godwins' March 3 motion for reconsideration must be classified as a rule 60(b) motion. The motion was filed over one month after the January 30 order of dismissal,[7] and it requested a reconsideration of the entire order rather than seeking only a clerical correction.

In their motion for reconsideration the Godwins argued that they lacked fair notice that they would be required to seek review under the APA and that the district court should use its equitable powers to provide an additional avenue of review since the FSLIC, in the Godwins' view, had exceeded its authority.[8] Because the Godwins failed to specify any of the five specific grounds included in rule 60(b), and because their motion for reconsideration specifically asks the court to invoke its equitable powers, the Godwins' motion should be classified as a rule 60(b)(6) motion.[9]

The proper standard of review for examining the denial of rule 60(b) motions is clear:

Motions under Rule 60(b) are directed to the sound discretion of the district court and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.... It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion.

*Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original); *see also Vela v. Western Electric Co.,* 709 F.2d 375, 376 (5th Cir.1983).

Applying these standards to the district court's denial of the Godwins' motion for

---

or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b).

7. The January 30 order of dismissal was docketed on the same date. The time period of rule 4(a) runs from the date the judgment or order is docketed and not the date of filing. *Barksdale v. Blackburn,* 670 F.2d 22, 23–24 (5th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982).

8. The Godwins assert that since *Hudspeth* was not decided until twenty days after the FSLIC's

final determination, it is unfair to force them to proceed under the APA. The district court disagreed and noted that the statutory basis for an exhaustion requirement was present at all times. *See* 12 C.F.R. § 564.1(d)(4) (1985) (setting forth procedures for reconsideration of an FSLIC insurance determination); 5 U.S.C. § 704 (final agency action subject to judicial review). The court also noted that judicial review under the APA was still available to the Godwins. For the reasons we explain *infra,* we do not reach the merits of the Godwins' argument or express a view on the district court's reasoning.

9. As we recently stated, "Section 6 of rule 60 is regarded as a catch-all provision which allows a court to exercise broad equitable powers in re-evaluating its decisions. *Menier v. United States,* 405 F.2d 245, 248 (5th Cir.1968). The overall goal of rule 60(b)(6) is to accomplish justice. *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730, 733 (5th Cir.1984)." *Huff,* 799 F.2d at 1091 n. 7.

reconsideration, we cannot find an abuse of discretion. The motion basically asks the court to change its previous ruling dismissing the action on jurisdictional grounds. The appeal of the court's denial of the motion addresses issues that could have been raised on direct appeal of the court's dismissal of the suit.[10] Appellate review of a denial of a rule 60(b) motion "must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir.1985).

The Godwins should have directly appealed the district court's January 30 order of dismissal in order to contest the court's ruling.[11] An inquiry into these issues is one that could have and more suitably should have been undertaken on direct appeal rather than through a rule 60(b) motion. Our decisions are uniform, moreover, in holding that rule 60(b) may not be used to challenge alleged mistakes of law, such as the one involved in this case; instead, these alleged mistakes should be raised by direct appeal.[12] *E.g., Ta Chi Navigation (Panama) Corp. S.A. v. United States*, 728 F.2d 699, 703 (5th Cir.1984); *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *Alvestad v. Monsanto*, 671 F.2d 908, 912 (5th Cir.), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489,

74 L.Ed.2d 632 (1982); *Gary W. v. State of Louisiana*, 622 F.2d 804, 805 (5th Cir.1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981). Consistent with these principles, we hold that the district court did not abuse its discretion in denying the Godwins' motion for reconsideration.[13]

### III.

We find that the district court did not abuse its discretion in denying the Godwins' motion for reconsideration. Accordingly, the judgment of the district court is AFFIRMED.

---

**10.** The filing of a rule 60(b) motion does not suspend the notice of appeal time period. *Huff*, 799 F.2d at 1090; *Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 n. 7.

**11.** The Godwins' April 4 notice of appeal was filed more than 60 days after the January 30 order of dismissal and thus was untimely as an appeal of that order.

**12.** Accordingly, we express no opinion as to whether the district court properly dismissed the action for lack of subject matter jurisdiction.

**13.** We note that our decision would be the same even if we considered the Godwins' motion for reconsideration to be a rule 60(b)(1) motion requesting the district court to correct an error of law.

In *Meadows v. Cohen*, 409 F.2d 750, 752 n. 4 (5th Cir.1969), we held that mistakes of substan-

tive law can be corrected through rule 60(b)(1) motions. Our later cases, however, have limited *Meadows* to obvious errors of law that are apparent on the record. In *Alvestad*, for example, we described *Meadows* as a case where the district court abused its discretion in not granting a 60(b) motion for relief from a judgment "'which was clearly at variance with the plain wording' of a federal statute." 671 F.2d at 912. *See also Fackelman v. Bell*, 564 F.2d 734, 736–37 (5th Cir.1977). Significantly, the 60(b) motion in *Meadows* was made within the time limit for appeal. Thus, the defendant in *Meadows* was not trying to use the 60(b) motion as a substitute for direct appeal. In the instant case, however, the time limit for appeal had already expired. *See* note 11, *supra*. Given that the Godwins should have directly appealed from the district court's order of dismissal, they cannot use a 60(b)(1) motion now to contest the merits of the district court's decision.