United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51414
Summary Calendar

ABAYOMI CHARLES AKOMOLAFE,
also known as Abayomi Charles Akomolafe,
also known as Charles Abayomi Akomolafe,

Plaintiff-Appellant,

versus

CORNELL CORRECTIONS CORP., ET AL.,

Defendants,

CORNELL CORRECTIONS CORP.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-122-FM

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        In this civil rights case, the district court entered a

final judgment dismissing the action on December 4, 2003. On

December 15, 2003, the plaintiff filed a pro se notice of appeal

---

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the judgment entered December 4, 2003. Thereafter, the district court advised this court that it was inclined to reinstate the action in order to correct an error in the judgment of dismissal pursuant to FED. R. CIV. P. 60.

The district court was divested of jurisdiction by the filing of a timely notice of appeal. See Alvestad v. Monsanto Co., 671 F.2d 908, 911 n.2 (5th Cir. 1982). Under these circumstances, we treat the district court's informal indication that it is inclined to grant reinstatement as a request for remand and authorization to grant relief pursuant to FED. R. CIV. P. 60. We remand the case to the district court to conduct such further proceedings as may be necessary. See Rutherford v. Harris County, Tex., 197 F.3d 173, 190 (5th Cir. 1999). We do not retain jurisdiction and any party desiring to appeal the district court's order on remand must file a new notice of appeal.

**REMANDED.**