Wilbert Tony **WASHINGTON**, Plaintiff-
Appellant,

v.

**SAFEWAY CORPORATION**, Defendant-
Appellee.

No. 71–1782.

United States Court of Appeals,
Tenth Circuit.

Oct. 18, 1972.

Paul A. Phillips, Albuquerque, N. M.,
for plaintiff-appellant.

John B. Tittmann, Albuquerque, N. M.
(Timothy B. Keleher, and Keleher &
McLeod, Albuquerque, N. M., on the
brief), for defendant-appellee.

Before PHILLIPS, HILL and BAR-
RETT, Circuit Judges.

PER CURIAM.

This action was brought by
Washington [1] against Safeway under Ti-
tle VII of the Civil Rights Act of 1964,[2]
42 U.S.C.A. § 2000e–5(a).

We set out the provisions of the Act
here pertinent in note 3 hereto.[3]

---

1. Hereinafter referred to as plaintiff.

2. Hereinafter referred to as the Act.

3. 42 U.S.C.A. § 2000e–4(a) provides:
   "(a) There is hereby created a Commis-
   sion to be known as the Equal Employ-

Safeway maintains a milk processing plant at Clovis, New Mexico. During the course of the plaintiff's employment by Safeway there was filed, on August 9, 1968, a charge made by a Commissioner of the Equal Employment Opportunity Commission [4] with said Commission that Safeway had violated and continued to violate the Act by discriminating against Negroes and Spanish-surnamed Americans because of their race or national origin, with respect to hiring and recruitment in Clovis, New Mexico. Such charge was served upon Safeway on August 30, 1968, and in accordance with the Commission's procedures, was thereafter investigated. On September 30, 1969, the Commission rendered its decision that:

"Reasonable cause exists to believe that Respondent Employer [Safeway] is committing an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 by refusing or failing to hire Negroes and Spanish Surnamed Americans because of their race and national origin respectively.

"Reasonable cause exists to believe that Respondent Employer [Safeway] has committed an unlawful employment practice in violation of Title VII of the Act by maintaining disparate and less favorable conditions of employment for its Negro employees because of their race."

Attempts to eliminate the alleged unlawful employment practices by informal methods, as provided in § 2000e–5(a), failed. On December 1, 1970, the Commission notified plaintiff of his right to sue, and on December 30, 1970, plaintiff commenced this action.

At the beginning of the trial, counsel for the plaintiff took the position that the action brought by Washington was a class action. We set out in note 5 hereto all of the allegations of the complaint, except the jurisdictional allegations in paragraph 1, the alleged exhaustion of administrative remedies in paragraph 4, that the court authorized the commencement of the action without payment of costs or giving security for costs in paragraph 5, and an allegation in paragraph 2 that plaintiff is a black man.[5]

ment Opportunity Commission, * * *."

42 U.S.C.A. § 2000e–5(a) provides:

"Whenever it is charged in writing under oath by a * * * member of the Commission where he has reasonable cause to believe a violation of this subchapter has occurred * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *"

42 U.S.C.A. § 2000e–5(e) provides:

"If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure vol-

untary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the party aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. * * *"

4. Hereinafter referred to as the Commission.

5. "*3. Facts:* Plaintiff has been employed and continues to be employed by the Defendant in its milk processing plant in Clovis, New Mexico. The conditions of employment to which Plaintiff has been subjected have not been the same as the conditions of employment accorded to white employees. For instance:

"(a) Plaintiff has been discriminated aganst in the promotion policies of the Defendant company, has been harassed and chastized by his superiors, and har-

At the beginning of the trial, counsel for Washington took the position that the action was a class action. The court observed that such position "does not square with your complaint," and in effect said the plaintiff sought to recover $1500 damages for himself and an injunction restraining Safeway from discriminating against this particular plaintiff. Counsel for the plaintiff then said, "That is true, but it is brought as a member of a particular class which Commissioner Ximenes says has been discriminated against in employment practices by Safeway."

The court held it was not a class action.

■ Notwithstanding the opening sentence of paragraph 3 of the complaint; that each of the subdivisions thereof from (a) through (h), except subparagraph (f), charged alleged un-

fair employment practices by Safeway solely against the plaintiff, and that his prayer for relief was solely for himself; and notwithstanding his total failure either to allege or show the prerequisites to the maintenance of a class action, as prescribed by amended Rule 23 of the Federal Rules of Civil Procedure, effective July 1, 1966 (Fed.Rules Civ.Proc. Rule 23, 28 U.S.C.A.), counsel for plaintiff persisted in his contention that it was a class action. During the trial, he introduced evidence that would only be admissible in a class action, because of the wide latitude accorded him by the court in the introduction of evidence. And he still insists in this court that it was a class action. Such claim is so obviously baseless, we think it sufficient to say we agree with the holding of the trial court that it was only plaintiff's individual action. We set forth in note 6

assed and at times deliberately injured by his fellow employees solely by reason of his race.

"(b) Although the Defendant provides reimbursement for educational expenses incurred by white employees, it has refused and continues to refuse to reimburse Plaintiff for expenses of education incurred by him at the college level.

"(c) Although Defendant provides reimbursement of medical expenses for injuries incurred by white employees, it has refused and neglected to reimburse Plaintiff for his medical expenses incurred as the result of either accidental or deliberate injury inflicted upon him by Plaintiff's fellow employees.

"(d) Defendant has discriminated against Plaintiff in the type of work assigned to Plaintiff and in the hours of employment required of him.

"(e) Although Plaintiff has been employed by the Defendant in excess of six years, employees with less seniority and with less competence than Plaintiff have been promoted in preference to Plaintiff.

"(f) For many years Plaintiff was the only black employee of the Defendant in the milk processing plant in Clovis, New Mexico, and at this time Defendant continues to refuse and neglects to employ black people in the milk processing plant in Clovis, New Mexico, on the same basis as white people.

"(g) Although Plaintiff has frequently urged the Defendant to take action to restrain the white fellow employees of

Defendant from harassing, insulting, and injuring Plaintiff, Defendant has declined and refused to discipline those employees who have harassed, insulted, and injured the Plaintiff.

"(h) The Defendant has required and continues to require a much higher standard of performance in his employment of Plaintiff than is required of white employees at the milk processing plant at Clovis, New Mexico, and has warned and threatened to terminate Plaintiff for inadequate and insufficient reasons, particularly when compared to the more lenient standard of performance expected and exacted of white employees.

"By reason of the refusal of Defendant to reimburse Plaintiff for medical and educational expenses, Plaintiff has been damaged in the approximate amount of $1,500.00.

\* \* \* \* \*

"WHEREFORE, Plaintiff demands judgment against the Defendant for money damages in the amount of $1,500.-00, and an injunction restraining the Defendant from discriminating against Plaintiff in his compensation, terms, conditions, or privileges of employment because of his race, and a mandatory injunction requiring the Defendant to apply sanctions to the individual fellow employees of Plaintiff who harass, insult, and injure Plaintiff, and judgment awarding a reasonable attorney's fee and such other and further relief as to the Court may seem just and proper."

hereto the findings of fact made by the trial court.[6]

■ The findings negate every unfair employment practice alleged in the complaint to have been practiced by Safeway against plaintiff, with one possible exception. The court did not in specific language find that Safeway failed to discipline fellow employees who indulged in racial slurs directed to the plaintiff. However, plaintiff requested the court to make the following finding of fact:

"Plaintiff was subjected in his employment to harassment, including insults and racial slurs on account of his race by white employees and management failed to discipline for such harassment and insults, notwithstanding its declared policy that the same would not be tolerated."

The court refused to make such finding.

The slurs and harassment were predicated on the alleged use of the word "nigger." The evidence was in sharp dispute as to whether such slurs were made in the presence of or directed toward plaintiff, and as to whether the word "nigger" was used frequently or not in the plant.

There was evidence of one instance when the word "nigger" was used in the hearing of Wilkie McCoy, a black employee, by Harold Knox, a laboratory technician. Knox was in his office, which was in disarray, and he made the following remark: "This is a big enough mess for ten little niggers to clean up." McCoy was waiting to punch in at the time clock and heard the remark. He approached Knox and asked him if he was in the bad habit of using words like that. Knox replied that it was just a word he used. McCoy then got Richard Schwank, the plant foreman, and they talked to Knox. Knox apologized to McCoy and said he was sorry. McCoy said that settled the matter to his satisfaction; that he had no hard feelings toward Knox, and he did not think Knox had any toward him. He also testified that the remark was not directed to him. Knox was not disciplined for his remark. Surely, under the circumstances, no discipline was called for.

McCoy also testified that Safeway never discriminated against him in any way.

6.   "FINDINGS OF FACT

"1. The Court has jurisdiction of the parties to and the subject matter of, this cause.

"2. Plaintiff is a citizen of the United States of America and resides in Clovis, New Mexico, Curry County, New Mexico. He is a member of the Negro race.

"3. Defendant is a corporation engaged in the production and marketing of food and food products, and is engaged in interstate commerce. It is qualified to do business in the state of New Mexico, and operates a milk processing plant in Clovis, New Mexico.

"4. At all times material hereto, prior to the date of filing the Complaint in this case on December 30, 1970, plaintiff was employed by defendant in its milk plant in Clovis, New Mexico.

"5. Defendant has not discriminated against plaintiff in the terms and conditions of his employment because of plaintiff's race, or for any other reason.

"6. Defendant maintains a program of reimbursing employees for education expenses. An employee desiring to participate must file an application therefor and the application must be approved and accepted by the management. Plaintiff never applied for participation in said program.

"7. Plaintiff has been reimbursed by defendant for all of his medical expenses for job-connected injuries.

"8. Defendant employs members of the Negro race when qualified on the same basis as members of the white race.

"9. Defendant at all times has maintained an affirmative policy against racial discrimination, and has made all reasonable efforts to properly implement the same.

"10. Defendant has at all times material treated plaintiff equally with other employees regarding standards of work performance and hours and conditions of work.

"11. Plaintiff is, and at all times material hereto has been, a member of the union with which defendant has a labor contract. Plaintiff's rights under said contract concerning seniority, terms, and conditions of employment, have been complied with by defendant."

The remark of Knox was not made in the presence or hearing of the plaintiff. It shows the length to which plaintiff went to try to prove his case.

We are of the opinion that the refusal of the court to make such finding, requested by the plaintiff, showed affirmatively that the court did not believe the evidence of the plaintiff's witnesses with respect to racial slurs, and the evidence afforded substantial and ample support for the court's conclusion. While there were conflicts in the evidence, it was the function of the trial court, not this court, to pass on the credibility of the witnesses and the weight to be given their testimony.

 After a careful examination of the evidence adduced at the trial, reflected in the record, we are firmly of the opinion that each of the court's findings are amply supported by competent evidence and are not clearly erroneous.

We are also of the opinion: That the findings and the refusal to give the finding requested by plaintiff negate every alleged claim of violations of the Act by Safeway against plaintiff; that plaintiff was given every possible opportunity to prove his case and failed so to do; and that no prejudicial error occurred.

Affirmed.