Lyle Stacy CLARK, Plaintiff,

v.

Prosecutor BRANDOM et al., Defendants.

No. 75 CV 547 W–4.

United States District Court,
W. D. Missouri, W. D.

July 7, 1976.

Lyle Stacy Clark, pro se.

William S. Brandom, Clay County Prosecutor, Liberty, Mo., for defendants.

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CAUSE AS FRIVOLOUS

ELMO B. HUNTER, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1983, in which plaintiff alleges numerous acts and a conspiracy among the named defendants which deprived him of his civil rights. The complaint prays for declaratory and injunctive relief, as well as compensatory damages in the amount of $78,000 and punitive damages in the amount of $800,000 against defendants Duvall, $1.00 against defendant Brandom, and $295,000 against defendants Kiser and Smith. Plaintiff seeks leave to proceed with this action in *forma pauperis* and has submitted his statement and affidavit concerning his financial status and inability to pay the costs of this action or post security therefor.

884

Under the provisions of Title 28, United States Code, Section 1915(a), the Court is authorized to allow the commencement of a civil action without prepayment of fees and costs or the giving of security therefor where the potential plaintiff is an indigent who has filed an affidavit that he is unable to pay such costs or give security therefor. However, under the provisions of Section 1915(d), the Court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious. Thus, prior to permitting a potential plaintiff to proceed in a civil action for damages or injunctive or declaratory relief in *forma pauperis*, the Court should make some preliminary determination that the prospective claims to be litigated are substantial and not merely colorable or frivolous. *Carey v. Settle*, 351 F.2d 483 (8th Cir. 1965); *Rhodes v. Houston*, 258 F.Supp. 546 (D.Neb.1966), aff'd 418 F.2d 1309 (8th Cir. 1969); See *In re Stump*, 449 F.2d 1297 (1st Cir. 1971).

Viewing the complaint herein in the light most favorable to the plaintiff, the Court has determined that the claims raised therein are frivolous. Prosecutor Brandom, named individually and in his capacity as prosecutor of Clay County, Missouri, enjoys absolute immunity from liability for damages under § 1983 resulting from his official prosecutorial responsibilities. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250, 4256 (1976). Officers Wilson and Page, and Detective Mullenix, against whom plaintiff alleges at best a dereliction of duty in failure to investigate and prosecute alleged offenses against plaintiff, have not, under the most liberal reading of the complaint, acted in violation of plaintiff's constitutional rights. Defendant Kiser, named individually and in his official capacity as Public Defender of Clay County, Missouri, was not a "person acting under color of state law" as required for liability under the Civil Rights Act, and therefore is not liable in plaintiff's suit for damages. *See Jackson v. Hader*, 271 F.Supp. 990 (W.D.Mo.1967); *Barnes v. Dorsey*, 354 F.Supp. 179 (E.D.Mo.1973), aff'd 480 F.2d 1057 (8th Cir. 1973); *Szijarto v.*

*Legeman*, 466 F.2d 864 (9th Cir. 1972); *Fletcher v. Hook*, 446 F.2d 14 (3d Cir. 1971); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968). Similarly, plaintiff has made no allegation that defendant Beavers was acting under color of state law at the time he allegedly robbed plaintiff's house; nor does the allegation of robbery of plaintiff's personal property rise to the level of a constitutional violation. The complaint expressly states that "Alice and Ernie Duvall and Wayne Smith are not agents of the State and have no official capacity," and thus, despite plaintiff's attempt to bring them under the umbrella of "state action" by alleging their conspiracy with other named defendants, no state action was present in any of their alleged actions.

For all the foregoing reasons, therefore, leave to proceed in *forma pauperis* with the above-styled cause is hereby denied, and the cause is hereby dismissed without prejudice.

IT IS SO ORDERED.