Rockie WINDLE, Appellant,

v.

John J. BICKERS, Respondent.

No. 13104.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1983.

Motion for Rehearing or to Transfer
to Supreme Court Denied
July 13, 1983.

Rockie Windle, pro se.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Rockie Windle was jury-convicted of selling cocaine to an undercover agent of the Missouri State Highway Patrol. The conviction was affirmed on appeal. *State v. Windle,* 615 S.W.2d 563 (Mo.App.1981). Thereafter, Windle, as plaintiff, filed his pro se "Complaint" in the Circuit Court of Jasper County naming the undercover agent, John J. Bickers, as defendant. The court nisi sustained defendant's motion to dismiss the action pursuant to Rule 55.27[1] because plaintiff's "Complaint" did not state a claim upon which relief could be granted, and ordered the cause dismissed. Plaintiff appealed.

In toto, the "Complaint" reads as follows:

COMPLAINT

GREETINGS:

1. References to rules and statutes are to Missouri Rules of Court and to RSMo 1978.

## COUNT 1

Comes now plaintiff and for Count I would state:

1. John J. Bickers was at all times acting under color of Missouri State Law, was employed by the Missouri State Highway Patrol out of Troup # D Springfield, Missouri working out of Jasper County, State of Missouri, and that the aforesaid John J. Bickers, while so acting under color of law, wilfully and deliberately and with his malice aforethought had knowledge, alleged knowledge that plaintiff had allegedly committed a felony, and without causing the arrest of the plaintiff, did then and there lure the plaintiff, allegedly lure the plaintiff into allegedly committing another alleged felony, such that harm and serious injury would be committed against the rights, liberties of the plaintiff, thereby causing the plaintiff to suffer a criminal conviction.

WHEREFORE, plaintiff prays that this court award the plaintiff $200,000 dollars for actual damages, $200,000 dollars for punitive damages, court cost, counsel fees and such other relief as law and equity will allow. JURY TRIAL IS DEMANDED.

RESPECTFULLY:
/s/Rockie Windle
ROCKIE WINDLE

■ · It appears that the "Complaint", which properly should have been labeled a "Petition" under Rule 55.01, in substance alleges that albeit defendant knew plaintiff had committed a felony, defendant did not cause plaintiff's arrest therefor but instead lured plaintiff to commit another felony thereby causing plaintiff to suffer a criminal conviction for the second crime, all to plaintiff's damages, etc. The sufficiency vel non of a petition upon a motion to dismiss must be determined by the facts alleged in the petition or an exhibit thereto and not by what plaintiff may have intended to plead as evidenced by suggestions filed in the cause or by plaintiff's briefs upon appeal which form no part of the pleading. *Voelker v. Saint Louis Mercan-*

*tile Library Ass'n,* 359 S.W.2d 689, 693[1] (Mo.1962); Rule 55.12; 71 C.J.S. Pleading § 256, at pp. 496–497; 5 C.J.S. Appeal & Error, § 1482, at p. 759.

There is no allegation in the "Complaint" which suggests that plaintiff was entrapped into committing the crime for which he was convicted. Neither does the word appear in any of plaintiff's briefs or suggestions. It seems that both plaintiff and counsel for defendant have become hypnotized, to an extent at least, with plaintiff's suggestions in support of the complaint which were never incorporated into nor became a part of plaintiff's pleading by references or otherwise. In plaintiff's memorandum and briefs he asserts a claim on facts not pleaded, i.e., that the initial crime he committed and for which defendant did not arrest him or cause him to be arrested occurred in the state of Kansas. From this unpleaded assertion plaintiff argues that if defendant had arrested plaintiff or had caused plaintiff's arrest in Kansas, plaintiff would not have been at liberty to commit the crime in Missouri for which he was ultimately convicted. In other words, plaintiff is saying that if defendant had seen to plaintiff's arrest in Kansas for the crime committed there, then plaintiff would not have been damaged on account of the crime-conviction which later occurred in the state of Missouri.

■ Under § 43.190 a member of the Missouri State Highway Patrol is granted authority to arrest "any person detected by him in the act of violating any law of this state." Obviously, defendant as a Missouri patrolman had no right in his official capacity to arrest plaintiff in the state of Kansas because of an offense committed against the laws of that state. At best, plaintiff could only claim a dereliction of duty on defendant's part as a citizen to arrest or cause the arrest of plaintiff in Kansas so that he would not thereafter be at liberty to commit a crime in Missouri. Even accepting this argument, which is in no way akin to the allegations made in plaintiff's pleading, defendant's alleged neglect did not violate plaintiff's constitutional rights

or proximately and directly cause harm or damage to plaintiff. *Clark v. Brandom*, 415 F.Supp. 883, 884[3] (W.D.Mo.1976). But even if, as the "Complaint" suggests, the crime committed by plaintiff for which defendant did not arrest him had, in fact, occurred in Missouri, such an alleged dereliction on defendant's part was not the proximate cause of plaintiff having committed a second crime for which he suffered a criminal conviction.

The judgment of the trial court is affirmed.

All concur.