Mary Judith **LUSTED**,
Plaintiff-Appellant,

v.

**SAN ANTONIO INDEPENDENT SCHOOL DISTRICT,**
Defendant-Appellee.

Mary Judith **LUSTED**, Plaintiff-Appellee
Cross-Appellant,

v.

**SAN ANTONIO INDEPENDENT SCHOOL DISTRICT**, Defendant-Appellant Cross-Appellee.

Nos. 83–1152, 83–1386.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1984.

---

Law Offices of Luis M. Segura, Inc., Luis M. Segura, Glen D. Mangum, San Antonio, Tex., for Mary Judith Lusted.

Nicholas & Barrera, Ron H. Mata, Anthony Nicholas, Joseph E. Scuro, Jr., San Antonio, Tex., for San Antonio Independent School Dist.

GARWOOD, Circuit Judge:

Mary Judith Lusted, an elementary school principal employed by the San Antonio Independent School District, brought this action against the School District alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). Following a two-day bench trial, the district court issued a Memorandum Opinion and Order stating that judgment would be entered for Lusted. The court later entered judgment for Lusted and awarded her back pay and interest totaling $21,927.18. Both parties have appealed. Lusted contends that the district court erred in failing to grant her motion for class certification, and that the court awarded insufficient back pay. The

School District contests the judgment and award in favor of Lusted. Both parties also challenge this Court's jurisdiction to entertain the opposing party's appeal.

Because the School District's appeal was not timely filed, we must dismiss it for lack of appellate jurisdiction. We consider Lusted's appeal on its merits. We affirm the district court's denial of Lusted's motion for class certification, but vacate and remand the district court's judgment for findings and conclusions respecting Lusted's entitlement to Title VII back pay for the period of July 25, 1975 to February 15, 1977.

## I.

### APPELLATE JURISDICTION

Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment or order appealed from." This time limit is "mandatory and jurisdictional." *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). The district court's judgment in this suit was filed and entered on the docket on February 10, 1983. The School District filed its notice of appeal on May 16, 1983, ninety-five days later. Consequently, the School District's appeal "must fail unless [it] falls within some exception to the rule." *Alvestad v. Monsanto Co.*, 671 F.2d 908, 910 (5th Cir.), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982).

Federal Rule of Appellate Procedure 4(a)(4) provides in part that the filing of a *timely* motion under Fed.R.Civ.P. 59(e) to alter or amend judgment tolls the period for filing a notice of appeal until the entry of an order granting or denying such motion.

■ The School District contends that either Lusted's February 14, 1983 motion for entry of judgment or her February 23, 1983 motion to alter or amend judgment, or both, fell within this exception to the thirty-day appeal period, and tolled the running of the period until May 10, 1983, when the district court denied Lusted's February 23 motion. We disagree.[1]

■ Lusted's February 23 motion was filed and served thirteen days after the district court entered its final judgment. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Because February 20, the tenth day after judgment, fell on a Sunday, and a legal holiday fell on February 21, the allowable period for serving Lusted's motion was extended until the end of "the next day which [was] not a Saturday, a Sunday, or a legal holiday." Fed.R.Civ.P. 6(a). That day was Tuesday, February 22, and thus Lusted's motion to alter or amend judgment was made one day late.[2] In *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 267, 98 S.Ct. 556, 562, 54 L.Ed.2d 521 (1978), the Court emphasized that the period for filing a notice of appeal is tolled only upon the filing of a *timely* motion as specified in Rule 4(a)(4). "An untimely request ... does not have the same effect." *Id.* Because Lusted's February 23 motion was not timely, it did not toll the thirty-day period.[3] *Alvestad* at 910.

1. The School District also argues that because Lusted's motions of February 14 and 23 tolled the thirty-day appeal period until May 10, her notice of appeal filed March 11, 1983 was void and thus this Court lacks jurisdiction to entertain Lusted's appeal. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that a notice of appeal filed before disposition of any motion which tolls the thirty-day period "shall have no effect." Because Lusted's notice of appeal was filed twenty-nine days after judgment, and neither of her motions tolled the thirty-day appeal period, Lusted's notice of appeal was timely and this Court has jurisdiction to consider it.

2. We do not consider use of the differing terms "served" in Fed.R.Civ.P. 59(e) and "filed" in Fed.R.App.P. 4(a)(4) of material significance in this context. *See Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 261 n. 5, 264–65, 98 S.Ct. 556, 559 n. 5, 560–61, 54 L.Ed.2d 521.

3. Although the district court considered the February 23 motion on its merits, the next to last paragraph of its order denying the motion

■ Nor did Lusted's motion for entry of judgment filed on February 14 toll the running of the thirty-day period. The certificate of service to this motion reflects that it was mailed on February 11. The School District contends that the motion should be treated as a Rule 59(e) motion to alter or amend judgment, although it was not entitled as such. The School District cites several decisions construing various requests as motions to alter or amend judgment although they were labeled otherwise. *See e.g., Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962) (motion "to vacate judgment"); *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979) (motion "to reconsider and vacate"); *Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 890 (8th Cir.1978) (motion "to reconsider and deny a motion for summary judgment"); *Spurgeon v. Delta Steamship Lines, Inc.,* 387 F.2d 358, 359 (2d Cir.1967) (per curiam) (motion "to resettle judgment"). Yet, the motions considered in those decisions sought specific relief from or changes in an existing final order or judgment. Lusted's motion for entry of judgment sought precisely what it indicated: a final judgment from the district court. Lusted contends, and the School District does not dispute, that its motion was simply a request to the district court to enter judgment in accordance with a proposed judgment submitted to the court by Lusted,[4] and that her counsel drafted and mailed the motion without knowledge that the district court, the day previous, had already entered judgment in this case.

We do not believe that Lusted's February 14 motion could reasonably be interpreted as a mislabeled motion to alter or amend judgment. Her motion, therefore, did not toll the period for filing notice of appeal.[5] We must dismiss the School District's appeal as untimely, and we consider Lusted's appeal only.

## II.

### CLASS CERTIFICATION MOTION

On December 30, 1982, six months after the conclusion of trial and almost two months after the district court had issued its Memorandum Opinion and Order in favor of Lusted, she for the first time moved for class certification pursuant to Fed.R. Civ.P. 23. The district court denied the motion *sua sponte* on the basis that Lusted had failed to satisfy the commonality requirement of Rule 23(a)(2). Because Lusted failed to file a proper class action complaint or seek class relief at any time before the close of trial, we affirm the denial of the certification motion, and do not reach its merits.

Although Title VII suits "are often by their very nature class suits, involving classwide wrongs," *East Texas Motor Freight System Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1898, 52 L.Ed.2d 453 (1977), it is well settled that in such

---

states, "The Court also notes that Plaintiff's Motion For Amendment of Judgment was filed outside the ten-day limit provided by Federal Rule of Civil Procedure 59(e)." The last paragraph of the order then simply denies the motion "[f]or the foregoing reasons." Further, the court's "mere willingness to entertain a tardy [Rule 59] motion ... does not relieve the prospective appellant from responsibility for filing a timely notice" of appeal. *Alvestad v. Monsanto Co.,* 671 F.2d 908, 911 n. 1 (5th Cir.1982).

**4.** Lusted's motion makes clear that she was requesting final judgment, not asking the district court to change an already issued judgment or grant her additional or different post-judgment relief. Although the district court previously had issued its Memorandum Opinion and Order indicating it would enter judgment for Lusted, the court specifically declined to enter final judgment at that time, pending responses to the opinion from counsel.

**5.** We note that although the courts have recognized a narrow exception to the timeliness requirement of Rule 4 when the prospective appellant "was misled by the words or conduct of the trial court *into believing that the time for appeal was extended* beyond that prescribed by the applicable rules," *Alvestad,* 671 F.2d at 910 (citation omitted) (emphasis in original), the School District does not allege—and the record does not show—the presence of any such "unique circumstances" in this case. *Cf. Alvestad* at 910–11.

suits, "class action relief must be predicated upon a proper class action complaint satisfying all the requirements of Rule 23." *Danner v. Phillips Petroleum Company*, 447 F.2d 159, 164 n. 10 (5th Cir.1971). Accord *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 & n. 11 (5th Cir. 1974), *vacated on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Nance v. Union Carbide Corp. Consumer Prods. Div.*, 540 F.2d 718, 723–25 (4th Cir. 1976), *vacated on other grounds*, 431 U.S. 952, 97 S.Ct. 2671, 53 L.Ed.2d 268 (1977) (following Fifth Circuit rule); *Washington v. Safeway Corporation*, 467 F.2d 945, 947 (10th Cir.1972) (per curiam). No such complaint was filed in this case.

■ Lusted's suit was brought as an individual action. Her complaint neither showed nor alleged that the suit met the prerequisites of a class action as specified by Rule 23, *see Danner* at 164 & n. 10, and the complaint prayed for relief solely on Lusted's behalf. *See Washington* at 947.[6] Lusted's counsel made no attempt to amend her complaint to state a class action. *See Nance* at 722. No effort was made to assert a class claim until after the trial on the merits was completed and the district court had issued its Memorandum Opinion and Order. Nor is there any indication in the record that this case was tried implicitly as a class action, and "that all parties to the action knew of its class nature and acquiesced in it."[7] *Bing v. Roadway Express, Inc.*, 485 F.2d 441, 446 (5th Cir.1973). Although the proof presented by Lusted at trial tended to show that other female employees of the School District were victims of sex discrimination, that evidence, stand-

ing alone, was not sufficient to put either the School District or the district court on notice that Lusted's suit was a class action. *See Danner* at 164; *Washington* at 947. The record contains no mention of any class action until the filing of Lusted's eleventh-hour motion for class certification.

Lusted's failure to seek class relief in her complaint, or at any time before or during trial, effectively " 'precluded any class certification in this case.' " *Nance* at 725 (citation omitted). Her belated certification motion was too little and too late. This, of course, does not mean that other female employees of the School District may not seek judicial redress for the same character of wrongs in the future.

"But if they decide to bring a class action, it must be brought and identified as such, and the predicate for class action relief must be carefully laid. In the meantime, [Lusted's] victory is for her alone to taste and enjoy." *Danner* at 164 (footnote omitted).

## III.

### TITLE VII RELIEF

■ Lusted argues that the district court erred in failing to award her back pay as authorized by section 706(g) of Title VII, 42 U.S.C. § 2000e–5(g).[8]

In its Memorandum Opinion and Order, the district court found that the School District paid Lusted less for her services than a male serving in a job requiring "the same skills, duties and responsibilities"; that the disparity in pay was not justified by merit, seniority, or quantity or quality

---

6. Although Lusted's seven page complaint referred at one point to "the disparate effect and adverse impact" of defendant's customs and policies on "other women administrators," and at another point alleged that defendant denied her "and others" equal employment opportunities, these brief, general statements fall far short of meeting the prerequisites of a class action complaint under Rule 23. *See Washington v. Safeway Corp.*, 467 F.2d 945, 947 & n. 5 (10th Cir. 1972) (per curiam).

7. To the contrary, Lusted's trial counsel stated in oral argument before this Court that it only

occurred to him after the issuance of the district court's favorable Memorandum Opinion and Order that it might be advisable to transform the suit into a class action.

8. At oral argument before this Court, Lusted also asserted that the district court improperly failed to award liquidated damages and injunctive relief. However, those alleged errors are not in any way raised or adverted to in the statement of issues or argument in Lusted's appellate briefs, and we therefore decline to consider them.

of production; that the disparity resulted from the School District's pay policy; that the disparate impact of that policy "is obvious"; and that the policy "is not sexually neutral." The court held that the School District's asserted justification for its pay policy—that the policy rewards "a variety of experience"—was not established by the evidence. The court therefore awarded judgment to Lusted.

The court awarded back pay to Lusted equaling the difference between her salary and that paid a male in a substantially identical position for a period beginning three years before filing of this suit. In its order overruling Lusted's February 23 motion to amend judgment, the court explained that back pay was awarded under the Equal Pay Act, 29 U.S.C. § 206(d). That Act provides for a two year statute of limitations unless the violation is willful, in which case the statute of limitations is three years. 29 U.S.C. § 255(a); *Hill v. J.C. Penney Co., Inc.*, 688 F.2d 370, 374 (5th Cir.1982).[9] Because this suit was filed on February 15, 1980, and because the court apparently found a willful violation of the Equal Pay Act, the court awarded Lusted back pay dating from February 15, 1977. Lusted, however, also sought back pay under Title VII.[10] If a violation of that statute was established by the evidence, the School District was liable to Lusted for back pay accruing from a date not more than two years prior to the filing of Lusted's discrimination charge with the Equal Employment Opportunity Commission (EEOC), assuming the unlawful discrimination existed during that period. 42 U.S.C. § 2000e–5(g). Because Lusted filed her EEOC complaint on July 25, 1977, she would be entitled to back pay under Title VII dating from July 25, 1975. The district

court, however, made no reference in its Judgment, Memorandum Opinion and Order, or Supplementary Opinion on Damages to whether a Title VII violation had occurred, and if so, during what time period. Because Lusted may be entitled to additional back pay for the period of July 25, 1975 until February 15, 1977, we remand to the district court for further findings of fact and conclusions of law solely on the question of whether the evidence established a Title VII violation for that period, and if so, for determination of appropriate back pay relief. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

The School District's appeal is dismissed. On Lusted's appeal, the judgment of the district court, including its denial of class certification, is sustained in all respects, with the sole exception of the failure to award Lusted back pay relief under Title VII for the period of July 25, 1975 to February 15, 1977, as to which we reverse and remand for further proceedings in that respect consistent with this opinion.

In No. 83–1386 the appeal is DISMISSED. In No. 83–1152 we AFFIRM in part and REVERSE and REMAND in part.

---

**9.** Section 255(a) provides in pertinent part that a cause of action under the Equal Pay Act

"may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

**10.** Lusted's complaint additionally sought relief under 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution, and various provisions of state law. Lusted, however, does not assert any of these theories of recovery as a basis for relief on appeal.