**Jeanette HAWTHORNE, Plaintiff,**

v.

**GULFSHORES, INC., Defendant.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**GULFSHORES, INC., Defendant.**

Civ. A. Nos. S85–1193(NG), S86–0727(NG).

United States District Court, S.D. Mississippi, S.D.

Oct. 15, 1986.

 

Robert W. Smith, Biloxi, Miss., for plaintiff Jeanette Hawthorne.

Eugene W. Fuquay, Sr. Trial Atty., E.E.O.C., Birmingham, Ala., for plaintiff E.E.O.C.

Jeffrey A. Walker, M. Curtiss McKee, Jackson, Miss., for defendant Gulfshores, Inc.

## MEMORANDUM OPINION

GEX, District Judge.

The above captioned actions are brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. Section 2000e–5(f). Jeanette Hawthorne was employed by Gulfshores, Inc. Defendant Gulfshores, Inc., a Mississippi Corporation, owns and operates several Holiday Inns, particularly the Holiday Inn—Biloxi. Defendant's Board of Directors had promulgated various rules and regulations governing Defendant's employees. Specifically the Board set a leave of absence policy that requires that every employee who becomes pregnant must take an unpaid leave not less than three (3) months before the baby is due and, provided a job is available, return no sooner than six (6) weeks after delivery with a doctor's certificate. Since an employee's position would not be held open during mandatory leave, the true effect of the leave policy is the termination of those employees affected by the Board's directive.

On or about February 21, 1985, Jeanette Hawthorne was terminated from her employment in a secretarial-clerical position at the Holiday Inn—Biloxi because she was pregnant. Plaintiff filed an EEOC charge claiming, *inter alia*, discrimination against her because of her sex by Gulfshores, Inc. The EEOC determined that Defendant

Gulfshores, Inc.'s pregnancy leave policy was violative of Title VII as applied to Jeanette Hawthorne specifically and all female employees of Gulfshores, Inc., as a class. Plaintiff was issued a right to sue letter and filed her Complaint timely.

In an effort to develop her case, Plaintiff's counsel submitted to Defendant Interrogatories and Request for Production of Documents. Plaintiff was especially interested in obtaining information concerning other employees of Gulfshores, Inc., both those at the Holiday Inn—Biloxi and those at all other Gulfshores' facilities, with respect to maternity leave.

Defendant Gulfshores, Inc., strenuously resisted the Plaintiff's attempt to secure this information on the basis that Jeanette Hawthorne had filed an individual rather than a class claim. Plaintiff's counsel, nonetheless, vigorously pursued information pertaining to other Gulfshores, Inc., facilities and other Gulfshores, Inc., employees; Plaintiff's motion to compel discovery on these matters was granted by the magistrate. Defendant sought review of the magistrate's discovery order before this Court, and, after reviewing the briefs of counsel, the Court upheld the discovery order. Gulfshores, Inc., however, doggedly persistent in its efforts to withhold this information from the Plaintiff, filed a motion to reconsider the Court's order compelling discovery, whereupon the Plaintiff filed a Motion for Sanctions against Gulfshores, Inc., for failure to comply with a discovery order and vexatious filing of the Motion to Reconsider. The Court denied Plaintiff's Motion for Sanctions, denied Defendant's Motion to Reconsider and on July 14, 1986, ordered Defendant to either comply with the discovery order or submit a confession of judgment to the Court. Again, Gulfshores, Inc., failed to follow the Court's directive and instead filed a Motion for Leave to File an Amended Answer.

Meanwhile, the EEOC had commenced a lawsuit against Gulfshores, Inc., on behalf of those female employees of the Holiday Inn—Biloxi affected by the Defendant's leave policy. Jeanette Hawthorne filed a Motion to Consolidate her cause with the EEOC Complaint. The Court determined to grant Plaintiff's Motion to Consolidate, deny Defendant's Motion for Leave to Amend its Answers, and vacate the Court's July 14, 1986, Order.

The Court held a status conference on August 7, 1986, with counsel for all parties in order to get the litigation moving forward. It became readily apparent that counsel for Jeanette Hawthorne sought relief for and on behalf of all female employees of Gulfshores, Inc., who had been and, in the future, might be adversely affected by the Defendant's leave of absence policy.

Shortly after the status conference, Jeanette Hawthorne filed a Motion for leave to amend her complaint so that a class claim could be asserted against the Defendant, Gulfshores, Inc. It is this Motion that the Court must now address.

Rule 15(a) provides in pertinent part that "a party may amend his pleading only by leave of Court ... and leave shall be freely given when justice so requires." The Plaintiff, Jeanette Hawthorne, filed her Title VII case as an individual claim, yet from the inception of the litigation Jeanette Hawthorne has attempted to secure through discovery the type of information that, through diligent and reasonable inquiry, would reveal whether a factual basis upon which a class-wide claim could be asserted was available within the confines of Rule 23(b). Defendant, Gulfshores, Inc., has at every turn, thwarted Plaintiff's attempts to divine whether a class claim was necessary and appropriate in this case by refusing to comply with discovery orders of this Court. Plaintiff thus stands before the Court requesting leave to assert a class claim in her complaint without benefit of the information necessary to determine whether a class action is proper in this cause.

The Fifth Circuit, discussing the character of Title VII suits wrote:

An individual who brings a Title VII suit "takes on the mantle of the sovereign". *Jenkins v. United Gas Corp.*, 400 F.2d 28, 32 (5th Cir.1980). The clear

purposes of Title VII are to eliminate discrimination and recompense those who have suffered for it. This Court has said ... the court trying a Title VII suit bears a special responsibility in this public interest to resolve the employement dispute by determining the facts regardless of the individual plaintiff's position, *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 715 (7th Cir.1969), for "[w]hether in name or not the suit is perforce a sort of class action for fellow employees similarly situated". *Jenkins v. United Gas Co.*, 400 F.2d 28, 33 (5th Cir.1968).

*Meyer v. Brown & Root Construction Co.*, 661 F.2d 369, 373 (5th Cir.1981).

In addressing the issue of whether and, if so, under what circumstances a Title VII plaintiff can amend a complaint setting forth an individual action to assert a class action claim, the Fifth Circuit listed several facts which should be considered in determining whether the plaintiff should be granted leave to amend the complaint. *See Lusted v. San Antonio Independent School District*, 741 F.2d 817, 821 (5th Cir.1984) (motion to amend to assert class claim in Title VII litigation filed after trial on merits completed denied).

█ This Court will consider the following factors in resolving the present motion:

1) The procedural posture of the case at the time the motion to amend was filed;

2) The existence, if any, of general statements in the individual complaint indicating the possibility that a class claim might be raised in the case under Rule 23;

3) Any indications in the record that the plaintiff intended to proceed with the cause as a class action; and

4) The knowledge of or notice to the Defendant that the Plaintiff's individual cause was really intended to be a class action. *Id.*

█ This Court finds that in the Complaint filed by Jeanette Hawthorne, she asserts that "the rules and regulations were formulated and enforced against numerous pregnant employees over several years directly contrary to laws prohibiting sexual discrimination." Plaintiff, through discovery and at the status conference pursued information that might reasonably be expected to disclose the possibility of pursuing the cause as a class action claim. Further, in a memoranda in opposition to the Defendant's motion to dismiss, Jeanette Hawthorne's counsel wrote in a March 26, 1986, brief addressing a lack of standing to represent a class of persons deemed "numerous pregnant employees" issue that "Defendant is simply attempting to obtain an order precluding amendment of the Complaint to assert a class action ... later ... [T]here is no assertion of a class action at this time ...," thus clearly showing that Defendant anticipated from the moment suit was filed that this litigation could blossom into a class action. Finally, this case, having been recently consolidated with the later filed EEOC cause is in its embryonic stages procedurally speaking; no discovery has been had to date in the Hawthorne case, and Gulfshores, Inc., has yet to answer the EEOC Complaint. The conclusion seems inescapable that this is a case where justice requires that leave be given to the Plaintiff to amend her Complaint to assert a class claim. *Cf. DeMalherbe v. International Union of Elevator Constructors*, 438 F.Supp. 1121, 1128 (N.D.Calif.1977) (plaintiffs allowed to amend complaint to allege class claims); *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 714 (E.D.Pa.1976) (plaintiff allowed to amend complaint to assert a class action claim eight months after initial complaint filed). *But cf. Mathes v. Carlson*, 534 F.Supp. 226, 229 (W.D.Mo.1982) (motion to amend complaint to assert class action denied because class to be alleged does not meet rule 23 numerosity requirement).

Having concluded that Plaintiff should be allowed to amend her Complaint to assert a class action claim does not, however, end this matter. Rule 11 requires that every pleading filed be signed by an attorney certifying that the pleading "to the best of his knowledge, information and belief formed after reasonable inquiry ... is well grounded in fact and is warranted by

478

existing law." Recognizing that Plaintiff's counsel has been forced to seek leave to amend the Plaintiff's Complaint without being able to conduct a reasonable factual inquiry into whether there exists sufficient basis to assert a class claim in this cause, *see Mathes v. Carlson*, 534 F.Supp. at 229 (no leave to amend to assert class action where Rule 23 obviously could not be satisfied), the Court determines that Gulf-shores, Inc., shall respond to Plaintiff's previously compelled discovery request within twenty (20) days from the entry of this opinion, and, if based upon the responses obtained by the Plaintiff, Plaintiff feels that under the dictates of Rule 11 it is appropriate to file an amended Complaint asserting a class claim, such amended complaint may be filed no later than thirty (30) days after the entry of this opinion.

A separate Order will be entered accordingly.